**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RODERICK F. BAILEY**, | ) | |
| | ) | |
| Petitioner, | ) | 2:06cr157 |
| v. | ) | 2:08cv109 |
| | ) | **Electronic Filing** |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |

**MEMORANDUM OPINION**

November 19, 2010

## I.   INTRODUCTION

On November 2, 2006, Petitioner, Roderick F. Bailey ("Bailey" or "Petitioner"),

withdrew his plea of not guilty and entered a plea of guilty to Counts One, Eight, Twelve and

Twenty-Six of the Indictment entered at criminal No. 06-157.  At a sentencing hearing that

commenced on April 23, 2007, but concluded on May 2, 2007, due to Bailey's medical issue,

the Court granted a downward departure from the recommended sentencing guideline range of

262 to 327 months, and sentenced Bailey to 180 months at each of Counts One, Eight, Twelve

and Twenty-Six to be served concurrently. On January 24, 2008, Bailey filed a *pro se* Motion to

Vacate, Set Aside, or Correct Sentence under Title 28, United States Code § 2255.  In his

motion, Bailey raises two claims of ineffective assistance of counsel contending that he was

denied effective assistance when (1) counsel induced him to enter a plea of guilty based upon an

alleged false promise, and (2) when counsel declined to pursue an appeal as Bailey requested

after his sentencing hearing.  The Government has responded and the matter is before the Court.

## II.   STATEMENT OF THE CASE

On May 2, 2006, a federal grand jury sitting in the Western District of Pennsylvania

handed down a thirty-five (35) count Indictment charging twenty-four (24) defendants, including Bailey, with various violations of federal drug laws. Bailey was charged at Count One with conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and at Counts Eight, Twelve and Twenty-Six with possession with intent to distribute less than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Attorney Derwin Rushing was appointed to represent Bailey.

Subsequent to the entry of his general plea of guilty to the above counts, a motion to withdraw guilty plea was filed on Bailey's behalf. In the motion, Bailey contended that his plea was based upon the erroneous information that he would be sentenced to the statutory mandatory of ten (10) years, however, because of his prior record, Bailey was classified as a "career criminal" in the Presentence Investigation Report with a corresponding guideline sentencing range of 262 to 327 months. Attorney Rushing also filed a motion to withdraw as counsel.

On February 2, 2007, Rushing's motion to withdraw was granted and Attorney James J. Brink was appointed to represent Bailey. Bailey then withdrew his motion to withdraw his guilty plea on February 20, 2007. At a sentencing hearing held on May 2, 2007, Bailey was sentenced to 180 months imprisonment at Count One and 180 months at each of Counts Eight, Twelve and Twenty-Six to be served concurrently.

## III. DISCUSSION

Bailey brings his *pro se* motion pursuant to § 2255 which permits a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United

2

States … [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  An evidentiary hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  In his motion, Bailey raises two claims of ineffective assistance of counsel contending that he was denied effective assistance when Attorney Rushing induced him to enter a plea of guilty based upon an alleged false promise, and when Attorney Brink allegedly declined to pursue an appeal of the sentence as Bailey requested.

The two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Dooley v. Petsock*, 816 F.2d 885, 889 (3d Cir. 1987).  Therefore, in order to prevail, Bailey must show that his: "(1) counsel's representation fell below an objective standard of 'reasonableness under prevailing professional norms;' and (2) [he] suffered prejudice as a result - that is, there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. at 694.

With regard the reasonableness of an attorney's performance, the *Strickland* court stated:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties

> inherent in making the evaluation, a court must indulge a strong
> presumption that counsel's conduct falls within the wide range of
> reasonable professional assistance; that is, the defendant must
> overcome the presumption that, under the circumstances, the
> challenged action "might be considered sound trial strategy."

*Id.* at 689. Further, the Court of Appeals for the Third Circuit explained: "[i]t is [] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." *United States v. Kauffman*, 109 F.3d 186, 190 (3d Cir. Pa. 1997)(quoting *United States v. Gray*, 878 F.2d 702, 711 (3d Cir. 1989)).

Bailey claims that his counsel induced him to enter a plea of guilty based upon an alleged expectation that he would be sentenced to the statutory minimum of ten (10) years. The Presentence investigation by the probation office however, revealed that Bailey was a "career offender" which resulted in an advisory Sentencing Guidelines range of 262 to 327 months. Bailey's counsel asked the Court for a downward departure from the advisory guidelines arguing that Bailey's status as a career offender over-represented both his criminal history category and offense level. Though Bailey requested a sentence of 120 months, the Court sentenced him to a term of 180 months, 82 months below the low end of the Guideline range.

Further, before accepting Bailey's plea of guilty, this Court conducted a comprehensive colloquy as required under Rule 11 of the Federal Rules of Criminal Procedure. The Court explained the minimum and maximum penalties Bailey would be facing based upon his plea of guilty. Bailey also testified that his plea was not the result of any promises made to him, and that he was pleading guilty because he thought it was in his best interest to do so. The Court made Bailey aware that the appropriate sentencing range would not be known until a Presentence Investigation Report was prepared.

Bailey is entitled to "effective" assistance of counsel, not the best assistance or even mistake-free assistance. *See U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 147 (2006). Misinformation from the defendant's attorney before the entry of a guilty plea standing alone, does not constitute ineffective assistance of counsel. *See U.S. v. Barker*, 7 F.3d 629, 633 (7th Cir. 1993). The Court of Appeals for the Third Circuit has long held that an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where an adequate plea hearing was conducted. *United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. Pa. 2007); *see e.g. United States v. Jones*, 336 F.3d 245, 254 (3d Cir. 2003) (counsel not ineffective for allegedly promising defendant a sentence of "no more than 71 months" where defendant was advised in open-court colloquy of potential maximum sentence and there were no other promises regarding sentence); *United States v. Mustafa*, 238 F.3d 485, 492 (3d Cir. 2001) ("[A]ny alleged misrepresentations that [defendant's] former counsel may have made regarding sentencing calculations were dispelled when [defendant] was informed in open court that there was no guarantee as to sentence, and that the court could sentence him to the maximum."); *Masciola v. United States*, 469 F.2d 1057, 1059 (3d Cir. 1972) (per curiam holding that "[a]n erroneous prediction of a sentence by defendant's counsel does not render a guilty plea involuntary" where record demonstrates that a proper plea colloquy took place during which defendant acknowledged that he was aware of his maximum potential sentence). *See also United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999)(an attorney's "mere inaccurate prediction of a sentence" does not demonstrate the deficiency component of an ineffective assistance of counsel claim); *Thomas v. United States*, 27 F.3d 321 (8th Cir. 1994) (no pre-plea warning of potential career offender status but defendant advised of statutory maximum; no denial of effective assistance of counsel). Therefore, this Court finds no act of, nor omission by, counsel that would warrant a finding of ineffective assistance.

Bailey also contends that his second appointed counsel, Attorney James J. Brink, was ineffective in failing to pursue an appeal despite Bailey's request that he do so. Bailey contends that he asked Mr. Brink to file an appeal on his behalf, but Mr. Brink allegedly responded that he would not file an appeal because: (1) Bailey's sentence was fair; (2) he would not put his name on the issues Bailey wanted to appeal; and (3) Bailey would have to hire new counsel in order to pursue his appeal.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the United States Supreme Court set forth the "proper framework for evaluating an ineffective assistance of counsel claim, based on counsel's failure to file a notice of appeal with respondent's consent." *Id.* at 473. A claim that a lawyer was constitutionally ineffective because of a failure to file a notice of appeal must be analyzed according to the two-part *Strickland* test. *Id.* at 477. Under *Strickland*, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. at 477. If counsel fails to file a requested appeal, the defendant "is entitled to resentencing and appeal without showing that his appeal would likely have had merit." *Peguero v. United States*, 526 U.S. 23, 28 (1999) (citing *Rodriquez v. United States*, 395 U.S. 327, 329-330 (1969)). Further, the Third Circuit Court of Appeals explained that the failure to file a requested appeal is itself sufficient to establish prejudice under *Strickland*. *Velazquez v. Grace*, 277 Fed. Appx. 258, 261 (3d Cir. 2008); *see also*, *United States v. Shedrick*, 493 F.3d 292, 301-302 (3d Cir. 2007); *Solis v. United States*, 252 F.3d 289, 293-294 (3d Cir. 2001)(" Prejudice is presumed from counsel's failure to file a notice of appeal when so requested by a client.").

In this instance, Bailey claims that he directed his attorney to file an appeal, but that his attorney failed to comply. This creates a question of fact whether Bailey directed his attorney to

file an appeal. If he did, then his Sixth Amendment right to counsel was violated by counsel's failure to perfect the appeal. *See Roe v. Flores-Ortega*, 528 U.S. at 477. Pursuant to 28 U.S.C. § 2255[1], this Court must hold an evidentiary hearing to determine whether Bailey requested or reasonably demonstrated to counsel that he desired to appeal. *See Solis v. United States*, 252 F.3d at 294.

## IV.   CONCLUSION

Bailey's Motion to Vacate, Set Aside, or Correct Sentence under Title 28, United States Code § 2255 based upon his claim that his attorney induced him to enter a plea of guilty based upon an erroneous sentencing prediction must be denied. With regard to his claim that his counsel declined to pursue an appeal as Bailey requested after his sentencing hearing, this Court must appoint counsel for Bailey and hold an evidentiary hearing to resolve any and all factual disputes arising from such claim. An appropriate Order follows.

Cercone, J

---

[1] Section 2255 requires that a hearing precede any District Court determination of a disputed issue of fact concerning a petitioner's entitlement to relief. The statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. . . .

28 U.S.C. § 2255.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RODERICK F. BAILEY**, | ) |
| | ) |
| Petitioner, | )     2:06cr157 |
| v. | )     2:08cv109 |
| | )     **Electronic Filing** |
| **UNITED STATES OF AMERICA**, | ) |
| | ) |

## ORDER OF COURT

AND NOW, this 19th day of November, 2010, upon consideration of the Motion to

Vacate, Set Aside, or Correct Sentence under Title 28, United States Code § 2255 (**Document**

**No. 1**), the Government's response thereto, in accordance with the Memorandum Opinion filed

herewith,

IT IS HEREBY ORDERED that the motion is **DENIED** with regard to Baily's claim

that he was denied effective assistance when counsel allegedly induced him to enter a plea of

guilty based upon an erroneous sentencing prediction.  With regard to his claim that he was

denied effective assistance when counsel declined to pursue an appeal as Bailey requested after

his sentencing hearing, this Court shall appoint counsel for Bailey and hold an evidentiary

hearing to resolve any and all factual disputes arising from such claim.  A hearing shall be

scheduled after counsel is appointed for Mr. Bailey.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:    Roderick F. Bailey
       Reg #08934-068
       FCI Elkton
       P. O. Box 10
       Lisbon, OH  44432

Troy Rivetti, AUSA
Charles A. Eberle, AUSA

James J. Brink, Esquire

(*Via CM/ECF Electronic Mail*)